IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

A.  DAVID SILVER,

        **Plaintiff,**

vs.                                    No. CIV 06-0312 RB/KBM

ANDREW C. COOPER, GLENN MARTIN,
and LES OTTOLENGHI,

        **Defendants.**

<u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss or, Alternatively, for

Summary Judgment (Doc. 2), filed on April 18, 2006, and Plaintiff's ("Silver's") Response to Notice

of Removal (Doc. 5), filed on May 8, 2006.  Jurisdiction is based on 28 U.S.C. § 1332.  Having

reviewed the submissions of the parties, and being otherwise fully advised, I find that the response

to the notice of removal, construed as a motion to remand, should be denied, and that the motion to

dismiss should be granted.

**I.  Background.**

On April 4, 2006, Silver brought this action pro se in the First Judicial District Court, County

of Rio Arriba, State of New Mexico.  Silver resides in New Mexico.  Defendant Cooper resides in

New York.  Defendants Martin and Ottolenghi reside in Georgia.  Defendants are corporate officers

of Intent MediaWorks, Inc.

Silver conducts investment banking under the name Santa Fe Capital Group.  (Compl. ¶ 6.)

Silver was introduced to Defendants by Martin Gray, a mutual acquaintance.  (Compl. ¶ 7.)  Silver

approached Intent MediaWorks on behalf of Northern Hills, Inc. and offered to raise capital for Intent

MediaWorks.  (Ottolenghi Aff. ¶ 5.)

On September 18, 2005, Northern Hills, Inc. d/b/a Santa Fe Capital Group and Intent MediaWorks, Inc. entered into a written investment banking agreement ("Agreement") that called for Northern Hills, Inc. to raise capital for Intent MediaWorks, Inc. on a non-exclusive basis.  (Defs. Ex. A.)  The Agreement was signed by Silver as president of Northern Hills, Inc. d/b/a Santa Fe Capital Group and Defendant Ottolenghi as Member Manager of Intent MediaWorks, Inc.  (*Id.*) Northern Hills, Inc. is a New Mexico corporation.  (Def. Ex. B.)

None of the Defendants entered the state of New Mexico with respect to any of the transactions alleged in the Complaint.  (Ottolenghi Aff. ¶ 5.)  None of the Defendants met with or conducted any negotiations with Northern Hills, Inc. or Silver in New Mexico. (*Id.*)  The Agreement does not specify where it was to be performed.  (Defs. Ex. A.)  The Agreement provides that any disputes between Intent MediaWorks, Inc. and Northern Hills, Inc. would be resolved through arbitration and the Agreement would be construed under Georgia law.  (*Id.*)

Silver alleges that Defendants engaged him to raise funds at a $10,000,000 valuation, but Defendants simultaneously raised funds at a $5,000,000 valuation.  (Compl. ¶¶ 15-16.)  Silver raised $78,000 for Intent MediaWorks, Inc., and arranged for a $50,000 direct investment from an investor. (Compl. ¶¶ 13-14.)  Defendants used Silver's investor list to encourage investment by others, thereby precluding the investors on Silver's list from investing.  (Compl. ¶¶ 19-20.)  Defendants withheld stock that Silver earned and failed to pay his March 2006 invoice. (Compl. ¶¶ 21-25.) Defendants complained about Silver to Gray and these complaints have interfered with Silver's ability to do business with Gray.  (Compl. ¶ 23.)

Silver seeks recovery from Defendants for (1) tortious interference with contract, (2) breach

of the covenant of good faith and fair dealing, (3) specific performance and injunctive relief, (4) fraud, (5) civil conspiracy, (6) punitive damages, (7) tortious interference with his relationship with Gray, and (8) civil racketeering.

On April 18, 2006, Defendants timely removed the case to this court pursuant to 28 U.S.C. §§ 1441(a) and 1446, asserting subject matter jurisdiction based upon diversity of citizenship.  28 U.S.C. § 1332.  Defendants moved to dismiss based on lack of personal jurisdiction and standing. On May 8, 2006, Silver filed a Response to the Notice of Removal, arguing that removal was improper.

**II.  Standard.**

As a pro se litigant, Silver is entitled to a liberal reading of his pleadings and his submissions are held to a less stringent standard than applied to those drafted by a lawyer.  *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989).  However, the Court may not assume the role of advocate for a pro se litigant, and need not accept unsupported conclusory allegations as true.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  A pro se litigant must follow the same rules of procedure that govern other litigants.  *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir.1994).

"[W]hen the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists."  *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir.2004) (*quoting Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995)).  Where, as here, "the evidence presented on the motion to dismiss consists of affidavits and other written materials the plaintiff need only make a prima facie showing.  The district court must resolve all factual disputes in favor of the plaintiff."  *Bell Helicopter Textron, Inc. v. Heliquest Intern., Ltd.*, 385 F.3d 1291, 1296 (10th Cir.2004).

### III.  Discussion.

### A.  Removal was proper.

Silver argues that removal was improper because the Court lacks subject matter jurisdiction on the ground that (1) Intent Partners, LLC, a stockholder of Intent MediaWorks, Inc., has its principal place of business in New Mexico, and (2) the complaint did not allege an amount in controversy.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  The diversity statute, 28 U.S.C. § 1332, provides original jurisdiction necessary to support removal under § 1441(a).  The parties are diverse: Silver is a resident of New Mexico and the Defendants reside in Georgia or New York.  *See Gadlin v. Sybron Intern. Corp.*, 222 F.3d 797, 799 (10th Cir.2000) (diversity jurisdiction exists only if there is no plaintiff and no defendant who are citizens of the same state).  The underlying facts alleged in the Complaint establish that the amount in controversy exceeds the jurisdictional amount.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995).  Silver alleged damages in excess of $800,000.  (Compl. ¶¶ 44, 50, 56, 63, 79, 83.) Because the requirements of the diversity statute were satisfied, original jurisdiction existed when the case was removed.  Removal was proper.

### B.  The Court Lacks Personal Jurisdiction Over Defendants.

Defendants contend that they do not have minimum contacts with New Mexico sufficient to permit the exercise of personal jurisdiction over them.  "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under

the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause

of the Fourteenth Amendment." *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1276

(10th Cir.2005). The plaintiff bears the burden of establishing personal jurisdiction over defendant

by a preponderance of the evidence. *Id.*

New Mexico's long arm statute[1] requires a pled cause of action to arise out of the same

activity by which the foreign defendant submitted to New Mexico's personal jurisdiction. *See CABA,*

*Ltd. Liab. Co. v. Mustang Software, Inc.*, 127 N.M. 556, 560-61, 984 P.2d 803, 807-808 (Ct.

App.1999). It is coextensive with constitutional limitations imposed by the Due Process Clause.

*Tercero v. Roman Catholic Diocese of Norwich, Conn.*, 132 N.M. 312, 48 P.3d 50, 54-55 (2002).

The Due Process Clause protects an individual's liberty interest in not being subject to the

binding judgments of a forum with which he has established no meaningful "contacts[,] ties, or

relations.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). The analysis of whether

a court's exercise of specific personal jurisdiction comports with the Due Process Clause entails a

two-step inquiry. *See Benton*, 375 F.3d at 1075.

The first question is whether "the defendant's conduct and connection with the forum State

are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen*

*Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Second, "if the defendant's actions create sufficient

minimum contacts, we must then consider whether the exercise of personal jurisdiction over the

defendant offends traditional notions of fair play and substantial justice." *OMI Holdings, Inc. v.*

---

[1] The New Mexico long arm statute, N.M. Stat. Ann. § § 38-1-16, provides in pertinent part: "Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from . . . (1) the transaction of any business within this state. . . (3) the commission of a tortious act within this state . . .".

*Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998) (quotations omitted).

Silver alleges the court has specific personal jurisdiction over Defendants because they transacted business and committed tortious acts in New Mexico.  A showing of minimum contacts cannot rest on Silver's unilateral actions seeking to do business with Defendants.  *Burger King*, 471 U.S. at 478.  Defendants neither live nor work in New Mexico.  The mere fact that Defendants engaged in communication with Silver while he was in New Mexico does not constitute sufficient minimum contacts with New Mexico to support personal jurisdiction.  *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1298-99 (10th Cir.1999); *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir.1995).  Defendants' conduct and connection with New Mexico were insufficient to constitute minimum contacts with respect to their business transactions.

None of the Defendants entered the state of New Mexico with respect to any of the transactions alleges in the Complaint.  None of the Defendants met with or conducted any negotiations with Northern Hills, Inc. or Silver in New Mexico.  None of the claims arise from any of Defendants' activities within or contacts with New Mexico.

It is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts.  *Far West Capital, Inc.*, 46 F.3d at 1077; *see also Soma*, 196 F.3d at 1298-99 (holding that British bank's actions in sending faxes, written communications, and wire transfers to corporation located in Utah were insufficient to establish specific personal jurisdiction over bank in Utah where corporation made unilateral decision to conduct business with British bank and Utah had only fortuitous role in parties' relationship).  Instead, "the exercise of jurisdiction depends on the nature of those contacts" and "whether they represent an effort by the defendant to purposefully avail itself of the privilege of conducting activities within the forum state." *Rambo v.*

*American Southern Ins. Co.*, 839 F.2d 1415, 1418-19 (10th Cir.1988).

Silver makes no allegations that Defendants purposefully chose New Mexico as the forum for any of their contacts with Northern Hills, Inc. or Silver. Viewed in the light most favorable to Silver, the alleged actions of Defendants did not create sufficient minimum contacts with New Mexico. Under these circumstances, the Court lacks personal jurisdiction over Defendants.

**C. Silver is not a real party in interest.**

Defendants contend that Silver is not a real party in interest because the claims belong to Northern Hills, Inc. "[T]he real party in interest is the one who, under applicable substantive law, has the legal right to bring suit." *Fed. Deposit Ins. Corp. v. Gelderman, Inc.*, 975 F.2d 695, 698 (10th Cir.1992). Rule 17 of the Federal Rules of Civil Procedure provides: "Every action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a).

The purpose of Rule 17(a) is to assure a defendant that a judgment will be final and that res judicata will protect the defendant from subsequent suits by a party actually entitled to recover. *Weiburg v. GTE Southwest, Inc.*, 272 F.3d 302, 306 (5th Cir.2001); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1543 (1990). In a diversity case, the federal court must apply the law of the forum state to all substantive issues. *Rocky Mountain Helicopters, Inc. v. Bell Helicopter Textron, Inc.*, 24 F.3d 125, 128 (10th Cir.1994). Therefore, New Mexico substantive law determines whether Silver is a real party in interest.

New Mexico law provides that a corporation and a shareholder are separate entities, and a shareholder of a corporation does not have an individual right of action against a third party for damages that result because of an injury to the corporation. *Marchman v. NCNB Texas Nat. Bank*, 120 N.M. 74, 81, 898 P.2d 709, 716 (1995). When a corporation is directly injured, shareholders,

7

employees, and creditors of the corporation may suffer indirect injury. *Id*. The corporation has the right to bring an action against the wrongdoer, while other parties suffering indirect injuries cannot individually assert the corporate cause of action. *Id*.

The two exceptions to this general rule are (1) where there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder, or (2) where the shareholder suffered an injury separate and distinct from that suffered by other shareholders. *Marchman*, 120 N.M. at 82, 898 P.2d at 717. There must be a direct injury to the shareholder in his individual capacity, independent of any duty to the corporation, before the shareholder is entitled to sue. *Id*.

The claims arise from the contract between Intent MediaWorks, Inc. and Northern Hills, Inc. There was no contract with Silver. The Agreement requires that all payments and stock go to Northern Hills, Inc.. The only possible injury to Silver is indirect and sustained in his capacity as a Northern Hills, Inc. shareholder. Under New Mexico law, Silver is not a real party in interest.

**WHEREFORE,**

**IT IS ORDERED** that Silver's Response to Notice of Removal (Doc. 5), filed on May 8, 2006, herein construed as a motion to remand, is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 2), filed on April 18, 2006, is **GRANTED.**

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**